## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOHN DRAPE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UPS, INC., REBECCA ACIEGO, | ) |
| individually and in her capacity as | ) |
| supervisor, MARK BOWEN, individually | ) |
| and in his capacity as supervisor, | ) |
| | ) |
| Defendants. | ) |
| | ) |

CIVIL ACTION

No. 12-2172-KHV

## MEMORANDUM AND ORDER

John Drape brings suit pro se against UPS, Inc., and Rebecca Aciego and Mark Bowen,

individually and in their capacities as supervisors (collectively, "individual defendants"), for

unlawfully engaging in a pattern of harassment, intimidation and age discrimination in violation of

the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq.  This matter is

before the Court on the Individual Defendants' Motion To Dismiss (Doc. #6) filed May 1, 2012.[1]

Because the ADEA does not create individual supervisor liability, the Court sustains the motion.

## Legal Standard

In ruling on a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., the Court assumes as

true all well-pleaded factual allegations and determines whether they plausibly give rise to an

---

[1]      On September 26, 2012, Magistrate Judge David J. Waxse granted as unopposed
Plaintiff's Motion To Amend Complaint (Doc. #21) filed September 7, 2012.  Order (Doc. #28).
The amended complaint adds allegations regarding plaintiffs' claim of age discrimination, but does
not affect individual defendants' motion to dismiss, which solely relates to whether individual
defendants can be liable under the ADEA.  See Amended Complaint (Doc. #30) filed September 26,
2012.  Both the complaint and the amended complaint sue Aciego and Bowen, individually and in
their capacities as supervisors.  The Court therefore construes defendants' motion to dismiss as
seeking dismissal of the amended complaint, which has now superseded the complaint.

entitlement of relief.  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  The Court need not accept as true those allegations which state only legal conclusions.  See id.; Hall v. Bellmon, 935 F.3d 1106, 1110 (10th Cir. 1991).  Plaintiff bears the burden of framing his complaint with enough factual matter to suggest that he is entitled to relief.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007).

Under Rule 12(b)(6), Aciego and Bowen are entitled to dismissal if plaintiff fails to state a claim upon which relief may be granted.  Aciego and Bowen contend that they are entitled to dismissal because the ADEA does not create a cause of action against individual supervisors – only employers of 20 or more.  If Aciego and Bowen are correct, Rule 12(b)(6) authorizes the Court to dismiss plaintiff's claims against them on the basis of the dispositive issue of law.  See Neitzke v. Williams, 490 U.S. 319, 326 (1989); Ledbetter v. City of Topeka, 112 F. Supp.2d 1239, 1241 (D. Kan. 2000).

The Court construes plaintiff's pro se complaint liberally and holds it to a less stringent standard than formal pleadings drafted by lawyers.  See Hall, 935 F.2d at 1110.  The Court does not, however, assume the role of advocate for a pro se litigant.  Id.  A pro se litigant must "follow the same rules of procedure that govern all other litigants."  Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994); Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992).

## Factual Allegations

Because individual defendants' motion to dismiss turns on the legal question of whether the ADEA authorizes suits against individual supervisors, the Court need not recite the allegations in the amended complaint.  It suffices to say that according to the amended complaint, plaintiff was employed by UPS as a part-time loader at the Lenexa, Kansas facility; Aciego and Bowen were two of his supervisors; and plaintiff now sues them individually and in their capacities as supervisors for

engaging in a pattern of harassment, intimidation and age discrimination in violation of the ADEA.

### Analysis

Under the ADEA, it is unlawful for an "employer" to discriminate against employees on the basis of age. 29 U.S.C. § 623(a). The Act defines "employer" as, among other things, "a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year," including "any agent of such a person." Id. § 630(b). It defines "person" as "one or more individuals, partnerships, associations, labor organizations, corporations, business trusts, legal representatives, or any organized groups of persons." Id. § 630(a).

This Court has repeatedly held that the ADEA does not create individual supervisor liability; accordingly, it has dismissed such claims. See, e.g., Mabon v. Kansas City Bd. of Pub. Util., No. 03-2181-KHV, 2003 WL 22466157, at *2 (D. Kan. Sept. 5, 2003); Ayalla v. U.S. Postal Serv., No. 01-2527-KHV, 2002 WL 31499276, at *3 (D. Kan. Nov. 7, 2002); Ledbetter v. City of Topeka, 112 F. Supp.2d 1239, 1244 (D. Kan. 2000). Relying solely on House v. Cannon Mills Co., 713 F. Supp 159 (M.D.N.C. 1988), plaintiff contends that the ADEA does impose individual supervisor liability. He argues that the Court should interpret the ADEA to impose liability on any agent of an employer with sufficient authority over the alleged discriminatory and retaliatory employment actions. Plaintiff's Suggestions In Opposition To Individual Defendants' Motion To Dismiss (Doc. #9) filed May 11, 2012); see also Birkbeck v. Marvel Lighting Corp., 30 F.3d 507, 510-11 (4th Cir. 1994) (summarizing and rejecting House rationale, which plaintiff asserts here).

House is not binding on this Court and it is no longer good law. In Birkbeck, the Fourth Circuit rejected House, finding its rationale "unpersuasive." 30 F.3d at 510-11. Likewise, the Court

finds plaintiff's arguments unpersuasive.  <u>Birkbeck</u> held that "the ADEA limits civil liability to the employer and that [a vice-president primarily responsible for layoff decisions], as a Marvel employee, is not a proper defendant" under the ADEA.  <u>Birkbeck</u>, 30 F.3d at 511.  The Tenth Circuit has cited that holding with approval.  <u>See</u> <u>Butler v. City of Prairie Village</u>, 172 F.3d 736, 744 (10th Cir. 1999); <u>Haynes v. Williams</u>, 88 F.3d 898, 899 n.2 (10th Cir. 1996).  This Court has too.  <u>See</u> <u>Ledbetter</u>, 112 F. Supp.2d at 1244; <u>Merkel v. Leavenworth Cnty. Emergency Med. Servs.</u>, No. 98-2335-JWL, 2000 WL 127266, at *5 (D. Kan. Jan. 4, 2000).  The Court therefore finds that the ADEA does not impose liability on individual defendants in their individual capacities, and sustains individual defendants' motion to dismiss.

Even if plaintiff intended to sue Aciego and Bower in their official capacities, where plaintiff names the employer as a defendant, naming individual supervisors in their official capacity is redundant and unnecessary.  <u>See</u> <u>Mabon</u>, 2003 WL 22466157, at *2; <u>Ledbettter</u>, 112 F. Supp.2 at 1243-44.

**IT IS THEREFORE ORDERED** that <u>Individual Defendants' Motion To Dismiss</u> (Doc. #6) filed May 1, 2012 be and hereby is **SUSTAINED**.  Plaintiff's amended complaint is dismissed with respect to Rebecca Aciego and Mark Bowen.

Dated this 2nd day of October, 2012 at Kansas City, Kansas.

<u>s/  Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge