**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

JOHN DRAPE,

                Plaintiff,                              CIVIL ACTION

v.                                                  No. 12-2172 KHV/DJW

UPS, INC.,

                Defendant.

## <u>MEMORANDUM AND ORDER</u>

Plaintiff John Drape brings suit pro se against his current employer, Defendant UPS, Inc., alleging that UPS unlawfully engaged in a pattern of harassment, intimidation and age discrimination in violation of the Age Discrimination in Employment Act ("ADEA").[1] Currently pending before the Court is Defendant's Motion for Confidentiality and Protective Order (ECF No. 19). Defendant requests that the Court enter a protective order pursuant to Fed. R. Civ. P. 26(c) limiting the parties' dissemination and use of confidential materials produced during discovery in this lawsuit. Plaintiff objects to the entry of Defendant's proposed blanket protective order. As set forth below, the motion is granted in part and denied in part.

**I.**    **Pertinent Provisions of Defendant's Proposed Protective Order.**

The Confidentiality and Protective Order proposed by Defendant defines certain categories of information as "Confidential Materials," allows the parties to designate documents as confidential, limits to whom the parties may disclose confidential information, specifies the manner in which the parties may use documents so designated, and provides procedures for parties to object to the designation. Specifically, paragraph 1(a) of the protective order provides that the term "Confidential Material" applies to:

---

[1] 29 U.S.C. § 621 *et seq.*

information the parties have endeavored to maintain as confidential: any and all medical information, financial information, trade secret or proprietary or confidential business operations and practices information and employment or personnel information or documents related to parties, current or former employees of parties, or witnesses in this case.[2]

The proposed order states that documents and information produced may contain information about the Plaintiff's medical records, financial status and income tax returns, and Defendant's past and present employees including, but not limited to, personally identifiable information including social security numbers, health and medical information, and personnel information including disciplinary actions, job status information, and confidential information about Defendant UPS's internal policies, business operations and practices.

## II.   Plaintiff's Objections to the Proposed Protective Order.

Plaintiff objects to several aspects of the protective order proposed by Defendant.  First, he objects that discovery in this lawsuit does not contain the complexity necessary to warrant a blanket protective order, but rather the personal, confidential information of parties and others in this case can easily be identified and protected by separate particular protective orders. He next argues that Defendant's business practices and internal operations subject to discovery are already available to the public.  His next objection is that he has waged a public effort to be reinstated to his previous job so it is too late to observe confidentiality of certain information already disclosed. Finally, Plaintiff argues that because he is a current employee he will be inhibited from free exchange with managers, supervisors, coworkers, fellow union members, and others based upon his fear of violating such a protective order.

### A.   Objection That Complexity of Case Does Not Warrant a Blanket Protective Order.

Plaintiff objects to Defendant's use of a blanket protective order that allows the parties to

---

[2] Def.'s proposed Confidentiality and Protective Order is attached as Ex. 3 to the Mot. (ECF No. 20-3).

designate, from certain defined categories, what constitutes "Confidential Material."  He argues that this case does not contain the level of complexity to warrant a blanket protective order. Instead, according to Plaintiff, blanket protective orders are more appropriate for complex litigation, such as a multi-party, multi-district, or document-intensive products liability cases that generate numerous documents in discovery.  Plaintiff characterizes his case as an employment law case involving one company and a handful of employees at one location during one shift of operation.  To prove his allegations, he will seek payroll and timekeeping records of coworkers, union grievances filed under the collective bargaining agreement, and performance and disciplinary records of his manager and supervisor.  He will also seek discovery about workplace policies negotiated under a collective bargaining agreement that has been widely discussed.  He claims that the business and employment records sought during discovery will not consist of "information concerning Defendant's revenue, sales, profits, losses, accounting procedures, taxes, investments, shipping rates, discounts, products, insurance, subsidiaries, assets, investments, fuel prices, fleet maintenance, patents, or any other proprietary information."[3]  Due to the limited information sought during discovery, Plaintiff argues that any confidential information can be easily identified and protected through the use of particular protective orders instead of a blanket protective order.

Plaintiff also objects to Defendant's proposed blanket protective order on the grounds that the procedure for allowing Plaintiff or Defendant to declare confidential any information disclosed in discovery and to argue about the declaration later favors Defendant's experienced lawyers.  Plaintiff argues that Defendant will have an advantage because its lawyers will be to recognize confidential disclosures that may make it harder to investigate and easier to conceal

---

[3] Pl.'s Resp. in Opp. (ECF No. 24) at 3.

age-bias conduct related to the claim. Plaintiff asserts that particular protective orders are appropriate because they settle questions of confidentiality at the beginning of discovery.

Defendant maintains that the Court should enter its proposed blanket protective order rather than particular protective orders as argued by Plaintiff because particular protective orders will delay discovery, as well as cause inefficiency and place extra burdens on the parties and the Court. Defendant argues that blanket protective orders are routinely granted in employment cases such as this one.

This Court has previously noted that blanket protective orders are routinely approved in civil cases—frequently on the stipulated request of the parties.[4] As long as the following conditions are met, agreement of all parties is not required to enter a blanket protective order:

> First, a party must make some threshold showing of good cause to believe that discovery will involve confidential or protected information. This may be done on a generalized as opposed to a document-by-document basis. Moreover, even though a blanket protective order permits all documents to be designated as confidential, a party must agree to only invoke the designation in good faith. After receiving documents, the opposing party has the right to contest those documents which it believes not to be confidential. At this stage, he party seeking the protection shoulders the burden of proof in justifying retaining the confidentiality designation. Thus, the burden of proving confidentiality never shifts from the party asserting that claim—only the burden of raising that issue.[5]

Here, Defendant has made a threshold showing of good cause that to believe that discovery will involve the disclosure of confidential information, including personnel information and certain confidential business information, including its employee payroll and time records. Defendant asserts that discovery in this case will likely involve the disclosure of information it deems confidential including records of its confidential business operations and practices, employee payroll and time records, overtime compensation policies, and personnel

---

[4] *United Phosphorus Ltd. v. Fox*, No. 03-2014-JWL, 2003 WL 21241847, at*2 (D. Kan. May 2, 2003).

[5] *Id.*

records relating to current and former UPS employees, including individuals who are nonparties. Defendant argues the information, if disclosed to the general public, could seriously harm it, current and former employees, and nonparties to the case as the majority of the individuals involved live and work in a relatively small group of communities.  Therefore, if the confidential information were to be known to the general community, it could lead to embarrassment, humiliation, loss of status and reputation, and potentially impact personal and work relationships.

Plaintiff does not dispute that certain information subject to discovery in this case —such as social security numbers and medical information—should be maintained as confidential. He only objects that entry of a blanket protective order is premature at this time and that particular protective orders are more appropriate considering the manageable number of potential co-workers who may have information regarding Plaintiff's complaint.  However, this Court has noted that the "use of particular protective orders can prove inefficient and burdensome" in cases with more than a few documents.[6]  Plaintiff estimates that two dozen coworkers, supervisors, managers, and former employees have information relevant to his claims.  Discovery of records related to payroll, time, performance, and discipline of an estimated two dozen employees will likely result in the production of more than just a few documents.

A blanket protective order can maintain the confidential nature of appropriately limited information while allowing efficient discovery and without the need for separate particular protective orders.  Plaintiff's suggestion of requiring particular protective orders on either a document-by-document basis or even on a category basis would delay discovery and make it less efficient.  Although this case is a relatively straightforward employment case and would not be considered "complex litigation," Defendant has shown good cause for the entry of a blanket

---

[6] *Id.*

protective order, and that a document-by-document showing of good cause is not required.

**B.** **Objection That Protective Order Restricts Publicly Available Information.**

Plaintiff also objects to the scope of the proposed protective order on the grounds that it would restrict his ability to disclose and use information already available to the public. Specifically, he claims that payroll and time records, overtime compensation policies, and health and retirement benefits information are already available to the public. He argues that Defendant recruits employees by informing them of wages, raises, overtime policies, insurance and retirement benefits. These wages and benefits packages are periodically negotiated by the union for all Defendant's employees and the agreement is widely reported in the news media, as well as being published in a book available to all union and non-union members. Plaintiff also states that the time and performance records for all employees in a particular work area are printed by Defendant and are shared among employees, thereby making them public. As an alternative to Defendant's proposed protective order, Plaintiff suggests that the parties could instead keep confidential sensitive personal information from documents produced in discovery by identifying employees by a means other than their names.

Defendant disputes Plaintiff's assertion that payroll and time records, overtime compensation policies, and health and retirement benefits are already available to the public. It states that it considers payroll, timekeeping records, overtime compensation policies and other personnel information confidential.

The Court will sustain Plaintiff's objection to the protective order to the extent that it purports to allow a party to designate as "Confidential Material" any information that is available to the public. Paragraph 1(a) of the currently proposed protective order includes "any and all medical information, financial information, trade secret or proprietary or confidential business operations and practices information and employment or personnel information or documents

related to parties, current or former employees of parties, or witnesses in this case" that the parties have endeavored to maintain as confidential.

The Court finds that a narrower scope would protect Defendant's interest in maintaining the confidentiality of financial and personnel information while addressing Plaintiff's concerns that otherwise publicly available documents not be subject to the protective order. The protective order should be narrowed to limit the categories further. Specifically, the term "Confidential Material" will be narrowed to "information that the parties have endeavored to maintain as confidential and *that is not publicly available*." This more specific version prevents any party from designating public financial or employment information as confidential under the protective order, while maintaining confidentiality to applicable documents. To further address Plaintiff's concerns, the Court will add a sentence to the protective order excluding documents that are only designated confidential because they contain personal identifiers, e.g., social security numbers, birth dates, bank account numbers, other sensitive personal information. For these types of documents, the parties may instead produce responsive documents with the personal identifiers information redacted in lieu of designating the entire documents as "Confidential Material."

With regard to the parties' dispute whether payroll and time records, overtime compensation policies, and health and retirement benefits are already "available to the public," the Court finds it premature to make a determination whether these generic categories are available to the public, and therefore should be excluded from the scope of the blanket protective order. Whether information or a specific document within one of these categories is "available to the public" would require a specific factual determination as to that information or document. The Court will therefore leave these categories in the protective order as they reasonably could

contain non-public confidential information that should be not be disclosed or used outside the present litigation.  Defendant's proposed protective order provides a procedure for a party to challenge the producing party's designation.  It provides that upon a timely challenge, the parties are then to confer in good faith in an effort to resolve their dispute concerning whether the materials have been properly designated as confidential.   In light of this provision, the Court need not make a determination whether this information is "available to the public" in determining whether to enter the protective order.

### C.   Objection That Confidential Information Has Already Been Disclosed.

Plaintiff next argues that a blanket protective order would be unenforceable because he has made a public effort to oppose the alleged age bias conduct of Defendant.  Plaintiff asserts that over the past twenty months, coworkers have voluntarily shared personal records of hours worked, payroll, and other personal information with him and that detailed information regarding his transfer, audits, suspensions, and hours worked have been known to coworkers, union members, managers, and supervisors.  As a result, Plaintiff argues a blanket order would be unenforceable due to the difficulty in separating newly designated confidential information from previous public disclosures.  Defendant notes that Plaintiff does not cite any legal authority as to why a blanket protective order would be unenforceable and notes that blanket protective orders are routinely approved by courts in civil cases.

Neither Plaintiff nor Defendant cites any legal authority or cases that have addressed this particular issue, and the Court has failed to find any case precedent that addresses Plaintiff's specific objection.  Although the Court does see Plaintiff's point that information that might be deemed confidential pursuant to the proposed protective order may have already been discussed amongst Plaintiff, his coworkers, union members, and management, the Court does not believe that that outweighs the need for a blanket protective order moving forward into discovery.

However, to address Plaintiff's concern, the Court has included a provision in paragraph 9 of the protective order to state that "Nothing in this Order shall prevent any Party from using or disclosing information obtained through sources outside of discovery in this litigation, provided that the party using or disclosing such information has the burden to prove that the information was obtained from an outside source."

**D.      Objection that Protective Order Prohibits Plaintiff's Free Exchange of Information Relevant to his Case.**

Plaintiff's final objection to Defendant's proposed protective order is that it would inhibit the "free exercise of his civil rights protection under the ADEA." Specifically, since he is a current employee, he will be inhibited from free exchange with managers, supervisors, coworkers, fellow union members and others for fear of violating the protective order.

Defendant disputes that Plaintiff would be inhibited from exercising his civil rights on the grounds that the proposed protective order specifically allows a party to disclose confidential material to witnesses when being interviewed or deposed. It only restricts him from disclosing confidential information to individuals not connected to this litigation.

The Court has considered Plaintiff's argument and is not convinced that Defendant's proposed protective order will inhibit Plaintiff communications with others in fear of violating the protective order. The protective order only allows the parties to designate certain specifically-identified categories of information as confidential. That information includes medical information, financial information, trade secret or proprietary or confidential business operations and practices information. It also includes employment or personnel information or documents related to parties, current or former employees of parties, or witnesses in this case. The Court has further restricted the scope of the protective order to information that is not publicly available and included a provision that nothing in the protective order shall prevent a party from

using or disclosing information obtained through sources outside of discovery in this litigation. In addition, the protective order already provides an exception for disclosure to a witness when being interviewed or deposed.   It also provides that Plaintiff can challenge a confidential designation that he believes is improper. These limitations on the scope on what the parties can designate as confidential, along with the exception for witnesses and provision for challenging a confidential designation sufficiently address Plaintiff's concerns that he will be inhibited from discussing his case.   Plaintiff's objection that Defendant's proposed protective order, if entered, will inhibit the "free exercise of his civil rights protection under the ADEA" is therefore overruled.

**IT IS THEREFORE ORDERED** that Defendant United Parcel Service, Inc.'s Motion for Confidentiality and Protective Order (ECF No. 19) is granted in part and denied in part.   In conjunction with the filing of this Order, the Court will enter a revised Confidentiality and Protective Order limiting the parties' disclosure and use of Confidential Materials produced in this case.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 16th day of October 2012.


s/ David J. Waxse
David J. Waxse
United States Magistrate