IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHN DRAPE,

          Plaintiff,

v.                                         Case No. 12-2172-KHV-DJW

UPS, INC.,

          Defendant.

**MEMORANDUM AND ORDER**

Pending before the Court are Plaintiff John Drape's Motion to Compel Defendant's Initial Disclosures (ECF No. 40) and Motion to Sanction Defendant for Failure to Provide Rule 26 Initial Disclosures (ECF No. 41). Plaintiff, proceeding *pro se*, requests that the Court compel Defendant to produce the documents described in its Fed. R. Civ. P. 26 initial disclosures and sanction it for its failure to timely produce them. As explained below, both motions are denied.

I.    **Relevant Facts**.

The Scheduling Order entered in this case requires the parties to exchange their Rule 26(a)(1) initial disclosures by August 15, 2012. It also sets an August 31, 2012 deadline for the parties to exchange or make available for inspection or copying the documents described in their Rule 26(a)(1) disclosures.[1]

Both Plaintiff and Defendant served their respective Rule 26(a)(1) initial disclosures on August 15, 2012.[2] On August 24, 2012, Defendant filed a Motion for Confidentiality and Protective Order requesting the Court enter a protective order pursuant to Fed. R. Civ. P. 26(c) limiting the

---

[1] *See* Scheduling Order (ECF No. 14) ¶ 2.a.

[2] *See* Certificates of Service (ECF Nos. 16 & 17).

parties' dissemination and use of confidential materials produced during discovery in this lawsuit. On August 31, 2012, Plaintiff produced all of his Rule 26(a)(1) initial documents to Defendant.[3]

On September 7, 2012, Plaintiff emailed defense counsel inquiring "What happened to making your documents available on August 31 per the scheduling order?"[4]  Defendant responded that it would not produce documents until after the court ruled on its pending motion for protective order.  Defendant then produced to Plaintiff over 100 pages of non-confidential documents labeled UPS-DRAPE-1 through UPS-DRAPE-103 on September 24, 2012.[5]  On September 28, Plaintiff emailed defense counsel inquiring why Defendant was withholding certain categories of items that he believed did not need confidential treatment.[6]

Plaintiff then sent a letter to defense counsel dated October 15, 2012 indicating that he had not received a response to his September 28 email, but had received a copy of Defendant's policy manual and job description document.  He further requested that Defendant deliver the rest of the documents, recordings, and other things specified in its initial disclosures within ten days or he would file a motion to compel and for sanctions.

On October 16, 2012, the Court entered its Memorandum and Order (ECF No. 36) granting in part and denying in part Defendant's Motion for Confidentiality and Protective Order, as well as entering a modified Confidentiality and Protective Order (ECF No. 37).  On October 26, defense counsel contacted Plaintiff via phone and left a voicemail explaining that a substantial amount of

---

[3]*See* Certificate of Service of Pl.'s Rule 26(a)(1) Initial Docs. (ECF No. 23).

[4]Ex. A to Pl.'s Mot. to Compel (ECF No. 40-1).

[5]Ex. C to Pl.'s Mot. to Compel (ECF No. 40-3).

[6]Ex. D to Pl.'s Mot. to Compel (ECF No. 40-4).

documents were in the process of being produced, but many needed to be stamped confidential, including over one thousand payroll records of non-parties.  Defendant then produced its remaining Rule 26 initial disclosure documents on November 1, 2012.[7]

## II.    Plaintiff's Motion to Compel Fed. R. Civ. P. 26(a) Disclosures.

Plaintiff requests that the Court compel Defendant to produce the documents promised in its Rule 26 initial disclosures.  Defendant has filed a response in opposition asking the Court to deny Plaintiff's motions for three reasons.  First, Defendant argues that the motion to compel should be denied because Plaintiff failed to include a Rule 37 certification that he has in good faith attempted to confer with Defendant prior to filing the motion.  Second, Defendant argues that Plaintiff failed to confer prior to filing his motion to compel as required by Rule 37(a)(1) and D. Kan. Rule 37.2. Defendant's third argument is that its nondisclosure of confidential documents pending a ruling on its protective order was substantially justified.  It claims that an extensive number of the remaining documents were confidential and subject to its proposed protective order.  Within a short time after the Court entered the protective order, Plaintiff was aware that many of Defendant's documents were in the process of being stamped confidential and/or redacted, and would be produced the following week. Defendant claims that Plaintiff received the remaining documents within that time, rendering his motion to compel moot.  Defendant asks that Plaintiff's motion to compel be denied and it be awarded its attorney's fees under Rule 37(a)(5)(B).

Plaintiff claims in his reply (ECF No. 48) that he made two attempts—on September 7 and September 24—to confer with Defendant as required by Rule 37 and D. Kan. Rule 37.2.  Based on

---

[7]*See* Certificate of Service of Def.'s Rule 26 Initial Disclosure Docs. labeled DRAPE-1 though UPS-DRAPE-1667 (ECF No. 42).

the exhibits attached to Plaintiff's motion to compel, the Court finds that Plaintiff has shown that he made a reasonable effort to confer prior to filing his motion to compel, notwithstanding his failure to include a Rule 37(a)(1) certification in his motion.  In any event, the Court finds Plaintiff's motion to compel production of documents identified in Defendant's Rule 26(a) disclosures is now moot in light of Defendant's production of the documents on November 1, 2012.  Accordingly, the Court denies Plaintiff's Motion to Compel as moot.

The Court also denies Defendant's request for its attorneys fees under Fed. R. Civ. P. 37(a)(5)(B).  Under that Rule, if the Court denies a motion to compel,

> it must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.[8]

In this case, the Court finds that Plaintiff's motion to compel—although denied as moot by Defendant's subsequent production of the documents sought—was substantially justified because at the time Plaintiff filed it Defendant had not produced all its documents described in its Rule 26 initial disclosures by the Scheduling Order deadlines.  The motion was substantially justified even in light of Defendant's asserted reasons for delaying production of the documents.

**III.    Plaintiff's Motion for Sanctions**.

Plaintiff has also filed a motion requesting sanctions against Defendant pursuant to Fed. R. Civ. P. 37 based upon its untimely production of documents described in its Rule 26 initial disclosures.  Plaintiff claims that Defendant has delayed the Rule 26 discovery procedures without good reason or court permission.  This delay has resulted in Plaintiff's inability to use materials

---

[8]Fed. R. Civ. P. 37(a)(5)(B).

promised in Defendant's disclosures to guide and inform his first set of interrogatories and requests for production. Plaintiff asks the Court to fine Defendant $10,000 as permitted by Rule 37(a)(5)(A), strike Defendant's pleadings as permitted by Rule 37(b)(2)(A)(iii), and render a default judgment against Defendant as allowed by Rule 37(b)(2)(A)(vi).

Under Fed. R. Civ. P. 37(a)(5)(A), "if the disclosure or requested discovery is provided after the motion was filed, the court must . . . require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion." The court must not order this payment if Defendant's "nondisclosure, response, or objection was substantially justified" or "other circumstances make an award of expenses unjust."[9]

Rule 37(b)(2)(A) also provides for sanctions for not obeying a discovery order. It provides that "[i]f a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders." The list of available sanctions under Rule 37(b)(2)(A) includes striking pleadings in whole or part,[10] and rendering a default judgment against the disobedient party.[11]

Defendant argues that sanctions are not warranted because Plaintiff was well aware that it was awaiting a ruling on the protective order to produce the remaining documents and that it would voluntarily produce the documents without court involvement. Defendant also argues that Plaintiff made no attempt to cooperate and avoid unnecessary judicial involvement.

The Court denies Plaintiff's Motion for Sanctions under Rule 37. First, the Court finds that

---

[9]Fed. R. Civ. P. 37(a)(5)(A)(ii) and (iii).

[10]Fed. R. Civ. P. 37(b)(2)(A)(iii).

[11]Fed. R. Civ. P. 37(b)(2)(A)(vi).

sanctions under Rule 37(a)(5)(A) are not appropriate because Defendant's nondisclosure of its confidential documents was substantially justified.  The Court agrees with Defendant that it was entitled to rely on Local D. Kan. Rule 26.2(a) in delaying production of the documents that contained confidential information until after the Court ruled on its motion for protective order. That Rule  provides that "[t]he filing of a motion for a protective order under Fed. R. Civ. P. 26(c) or 30(d) stays the discovery at which the motion is directed pending order of the court."[12]  Here, Defendant filed a motion for a protective order—albeit a motion for entry of a protective order limiting the disclosure and use of confidential information—before its August 31 deadline for serving documents described in its initial disclosures.  The filing of this motion stayed Defendant's obligation to produce initial disclosure documents containing confidential information until the Court ruled on Defendant's motion.  Defendant was therefore substantially justified in delaying production of documents containing confidential information identified in its Rule 26(a) initial disclosures until after the Court ruled on its motion.  Because Defendant's nondisclosure of its confidential documents was substantially justified, Rule 37(a)(5)(A) requires the Court to not order payment of Plaintiff's *reasonable* expenses—which in no event would be the $10,000 amount requested by Plaintiff.   Second, the Court finds that sanctions under Rule 37(b)(2)(A) are not appropriate because that section of the Rule only provides for sanctions for failure to obey a discovery order.  The Scheduling Order issued under Rule 16(b) is not a "discovery order" as contemplated by Rule 37 as it only lists orders under Rule 26(f), 35, or 37(a).[13]

---

[12]D. Kan. Rule 26.2(a).

[13]Sanctions are available, however, for a party's failure to obey a scheduling order under Fed. R. Civ. P. 16(f)(1)(C).  Plaintiff does not specifically request sanctions under Rule 16(f) in his motion.  Even had Plaintiff requested sanctions under this Rule for Defendant's failure to provide

**IT IS THEREFORE ORDERED THAT** Plaintiff John Drape's Motion to Compel Defendant's Initial Disclosures (ECF No. 40) is denied as moot.  Defendant's request for its attorneys fees under Fed. R. Civ. P. 37(a)(5)(B) is denied.

**IT IS FURTHER ORDERED THAT** Plaintiff John Drape's Motion to Sanction Defendant for Failure to Provide Rule 26 Initial Disclosures (ECF No. 41) is denied.

Dated at Kansas City, Kansas this 5th day of December, 2012.

s/ David J. Waxse
DAVID J. WAXSE
UNITED STATES MAGISTRATE JUDGE

cc:    All counsel and *pro se* parties

---

non-confidential documents by the August 31, 2012 Scheduling Order deadline, the Court would decline to impose sanctions as Plaintiff was not prejudiced by the short delay in receiving the non-confidential documents from Defendant.  Moreover, Plaintiff has incurred no more than minimal expenses because of any noncompliance by Defendant.