IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHN DRAPE,

        Plaintiff,

v.                                                                             Case No. 12-2172-KHV-DJW

UPS, INC.,

        Defendant.

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff John Drape's Combined Motions to Compel Defendant's Answers to First Interrogatories and to First Request for Documents (ECF No. 50). The parties have narrowed their outstanding discovery disputes to one request for production. That discovery request—Plaintiff's Request for Production No. 6—asks Defendant to produce "the package per hour scan reports (pph) for each loader on the pink belt and the red belt from December 6, 2010 to present. Provide the pph reports for each loader on the red belt from January[] 2009 to the present." Defendant objects to the request on the grounds that it seeks irrelevant information, is overly broad, and is unduly burdensome.

The Court has reviewed Plaintiff's Brief in Support of his Motion to Compel (ECF No. 65) and Defendant's Response to Plaintiff's Brief (ECF No. 66). Based upon its review, the Court sustains Defendant's irrelevance, overly broad, and unduly burdensome objections to Plaintiff's Request for Production No. 6. First, Plaintiff has failed to meet his burden to show how the requested pph reports for all package loaders on the pink belt and red belt lines are relevant to his age discrimination claim. More specifically, Plaintiff has failed to show that the pph reports are relevant to show that Defendant's asserted reason for moving him from the red belt to the pink

belt—insubordination and conflicts with supervisors and managers—was pretextual. Plaintiff has not sufficiently explained how the requested pph reports, which contain information on the number of boxes loaded by each employee during a workday, would show evidence of "weaknesses, implausibilities, inconsistencies, incoherencies or contradictions in the employer's proffered legitimate reasons for its actions."[1] Defendant's relevancy objection is therefore sustained.

Even assuming, *arguendo,* the Court found the pph reports relevant to some aspect of Plaintiff's claims, Plaintiff's request for production is clearly overly broad and imposes an undue burden on Defendant in responding to it. The request is overly broad in temporal scope for the respective two and four-year time periods of reports sought. Defendant has also shown that responding to this overly broad discovery request subjects it to undue burden and expense. The burden and expense of producing the pph reports outweigh the likely evidentiary value of those reports. Fed. R. Civ. P. 26(b)(2)(C)(iii) requires the Court to limit the frequency or extent of discovery otherwise allowed if it determines that "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."

In the Pretrial Oder, Plaintiff indicated that he is seeking liquidated damages of $17,280 plus double his lost income. In support of its burdensome objection, Defendant has attached the Declaration of its Area Human Resources Manager, Marvin R. Franks (ECF No. 66-2). Mr. Franks states in his declaration that Plaintiff's document request would require Defendant to spend an unreasonable and burdensome amount of time and expense in obtaining the requested pph scan

---

[1] *Sanders v. Sw. Bell Tel., L.P.*, 544 F.3d 1101, 1106 (10th Cir. 2008).

information reports. He estimates that it would take approximately 120 hours to review all of the data on the disaster recovery CDs and extract the information for the package loaders who worked on the pink belt and red belt lines during the requested time frame. Defendant has thus sufficiently demonstrated that responding to Plaintiff's discovery request would be unduly burdensome, and the burden and expense incurred would outweigh any arguable benefit. Defendant's unduly burdensome objection is sustained.

**IT IS THEREFORE ORDERED THAT** Plaintiff John Drape's Combined Motions to Compel Defendant's Answers to First Interrogatories and to First Request for Documents (ECF No. 50) is denied.

**IT IS FURTHER ORDERED THAT** each party shall bear its own expenses associated with the motion to compel. Although the Court is denying Plaintiff's motion to compel, the Court notes that the parties were able to resolve all but one of the original issues presented in Plaintiff's motion to compel. Under these circumstances, an award of expenses would be unjust.[2]

IT IS SO ORDERED.

Dated at Kansas City, Kansas this 21st day of March, 2013.

s/ David J. Waxse  
DAVID J. WAXSE  
UNITED STATES MAGISTRATE JUDGE

cc:    All counsel and *pro se* parties

---

[2]*See* Fed. R. Civ. P. 37(a)(5)(B).