**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

JOHN DRAPE, )
)
       Plaintiff, )
) CIVIL ACTION
v. )
) No. 12-2172-KHV
UPS, INC., et al., )
)
       Defendants. )
)

## MEMORANDUM AND ORDER

John Drape brings suit pro se against UPS, Inc. for unlawfully engaging in a pattern of harassment, intimidation and age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq. This matter is before the Court on Defendant's Motion To File Certain Exhibits Under Seal (Doc. #61) filed February 27, 2013. For the following reasons, the Court overrules defendant's motion to seal.

Defendant asks the Court to allow it to file under seal five exhibits that it relies on to support its motion for summary judgment. The exhibits are (1) Exhibit 4: a declaration of defendant's Area Human Resource Manager that includes the age range of workers that performed certain functions at its facility in Lenexa, Kansas during the time that plaintiff worked there; (2) Exhibit 4.1: a photograph of the Lenexa facility; (3) Exhibit 6: an affidavit of the Labor Manager at defendant's Lenexa facility that discusses a complaint by plaintiff's supervisor that plaintiff harassed her, and grievances plaintiff filed regarding being moved from one belt to another; (4) Exhibit 6.1: plaintiff's payroll records; and (5) Exhibit 6.2: additional payroll records that include information about plaintiff and other employees. Defendant asks the Court to seal these documents because they are subject to a protective order in this case.

Federal courts have long recognized a common-law right of access to judicial records. Helm v. Kansas, 656 F.3d 1277, 1292 (10th Cir. 2011); Mann v. Boatright, 477 F.3d 1140, 1149 (10th Cir. 2007). This right derives from the public's interest in understanding disputes that are presented to a public forum for resolution and is intended to ensure that courts are fair and judges are honest. Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980); Worford v. City of Topeka, No. 03-2450-JWL-DJW, 2004 WL 316073, at *1 (D. Kan. Feb. 17, 2004). The public right of access, however, is not absolute. Helm, 656 F.3d at 1292. The Court has discretion to seal documents if competing interests outweigh the public's right of access. Id.; United States v. Hickey, 767 F.2d 705, 708 (10th Cir. 1985). In exercising its discretion, the Court weighs the public interests, which it presumes are paramount, against those advanced by the parties. Helm, 656 F.3d at 1292; Dobbins, 616 F.2d at 461. The party seeking to overcome the presumption of public access to the documents bears the burden of showing some significant interest that outweighs the presumption. Helm, 656 F.3d at 1292; Mann, 477 F.3d at 1149.

In support of its motion to seal, defendant states only that the exhibits are subject to a protective order. But pointing to a protective order is not enough. Sibley v. Sprint Nextel Corp., 254 F.R.D. 662, 667 (D. Kan. 2008); see also Helm, 656 F.3d at 1292. The party seeking leave to file under seal "must articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process." Helm, 656 F.3d at 1292-93. Defendant has not met this "heavy burden." Id.

Although a couple of the exhibits contain personal information about defendant's employees who are not involved in this case, defendant has not shown that redaction would be insufficient to protect any legitimately confidential and personal information. See Section II, Subsection I, of the

Administrative Procedures For Filing, Signing, And Verifying Pleadings And Papers By Electronic Means In The United States District Court For The District Of Kansas.  Because defendant has not articulated reasons why the parties' interests in confidentiality outweigh the public interest in access to court documents, the Court overrules the motion to file the exhibits under seal.  See Wright v. City of Topeka, Kan., No. 11-2404-KHV, 2012 WL 1344908 (D. Kan. April 18, 2012); McCaffrey v. Mortgage Sources, Corp., No. 08-2660-KHV, 2010 WL 4024065 (D. Kan. Oct. 13, 2010); Sibley, 254 F.R.D. at 667.

**IT IS THEREFORE ORDERED** that Defendant's Motion To File Certain Exhibits Under Seal (Doc. #61) filed February 27, 2013 be and hereby is **OVERRULED**.

Dated this 5th day of April, 2013 at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> KATHRYN H. VRATIL
> United States District Judge