IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHN DRAPE,

              Plaintiff,

v.                                                           Case No. 12-2172-JTM

UPS, INC.,

              Defendant.

MEMORANDUM AND ORDER

The court held a trial in this case beginning on February 18, 2014. Defendant UPS, Inc. moved for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50 after the close of plaintiff John Drape's case-in-chief on February 20. The court took the motion under advisement, subsequently granting the motion. The court ruled on the motion in open court, and files this motion to more fully explain the ruling.

**I. Background**

John Drape sued UPS claiming he was the victim of age discrimination and retaliation under the Age Discrimination in Employment Act of 1967. The court granted partial summary judgment to UPS in its order dated December 23, 2014, which contains an exhaustive factual statement the court need not repeat here. *See* Dkt. 88. Despite whittling down the issues, the court's order left Drape's claims intact. The court found the following genuine issues of material fact would be appropriate for a jury to decide on Drape's age discrimination claim: (1) whether UPS's transfer of Drape from the red belt to the pink belt constituted an adverse employment action; (2) whether UPS treated

Drape differently than similarly-situated employees for the same or similar conduct when it transferred him from the red belt to the pink belt; and (3) whether UPS had ultimately transferred Drape because of his age. The court found the following genuine issues of material fact would be appropriate for a jury to decide on Drape's retaliation claim: (1) whether Drape had a reasonable good-faith belief that his grievance filed on September 14, 2010, was protected opposition to discrimination; (2) whether Drape suffered a materially adverse employment action as a result of his termination, suspension and on-the-job supervision audit; (3) whether Drape suffered a materially adverse employment action as a result of his transfer from the red belt to the pink belt; and (4) whether UPS took action against Drape because of his age discrimination complaint.

## II. Legal Standard — Judgment as Matter of Law

The Federal Rules of Civil Procedure state:

> If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may
> (A) resolve the issue against the party; and
> (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

FED. R. CIV. P. 50(a)(1)(A)–(B). Judgment as a matter of law is appropriate when the evidence "conclusively favors one party such that reasonable [people] could not arrive at a contrary verdict." *Weese v. Schuckman*, 98 F.3d 542, 547 (10th Cir. 1996) (quoting *W. Plains Serv. Corp. v. Ponderosa Dev. Corp.*, 769 F.2d 654, 656 (10th Cir. 1985)).

## III. Analysis

*A. Age Discrimination*

On his age discrimination claim, Drape had the burden of proving the following elements by a preponderance of the evidence: (1) that he was forty years of age or older; (2) that he suffered an adverse employment action when he was reassigned from the red belt to the pink belt; and (3) that UPS would not have moved him from the red belt to the pink belt but for his age. *See* O'MALLEY, GRENIG, AND LEE, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 173.20 (5th ed. 2000); *Jones v. Oklahoma City Public Sch.*, 617 F.3d 1273, 1277 (10th Cir. 2010). The court granted judgment as a matter of law to UPS, finding that a reasonable jury would not have a legally sufficient evidentiary basis to find for Drape on the third element.

Drape supported his claim for age discrimination with two age-related comments made by supervisors. In January of 2010, Drape's supervisor, Andre Strange, told him that the red belt was for younger guys and that Drape was sixty years old and his packages per hour (PPH) would never go above 250.[1] Testimony established that after business manager Mark Bowen received a report about this comment, he went to Strange and explained to him—in front of Drape—that disparaging age-related comments would not be tolerated. Bowen also had Strange sign UPS's professional conduct anti-discrimination policy. Most importantly, no evidence presented at trial tied Strange's statement to Bowen's decision to transfer Drape, which occurred nearly a year later in December of 2010 when Strange was no longer working at UPS.

---

[1]UPS had a requirement of 300 PPH that applied to all workers regardless of age.

The second comment came in early 2012 from Joel Wilkinson, a part-time supervisor, who told a worker in his twenties "You are loading like an old man." Wilkinson made this comment more than a year after Drape's transfer to the pink belt and did not say it about Drape or to him. Upon hearing about this comment, UPS management required Wilkinson to review its anti-discrimination policy with the human resources department. Again, this statement was unrelated to Bowen's decision to transfer Drape as he was already on the pink belt when it was made.

Drape offered no evidence that would support a conclusion that Bowen's decision to transfer him to the pink belt was based on age. Drape argued that Bowen ordered an audit of Drape's PPH because of Drape's age. However, the testimony established that Bowen ordered the audit as a result of reports that Drape was not meeting the PPH goal of 300 and refused to be held accountable for it, mistakenly believing the quota conflicted with the collective bargaining agreement. Every worker at UPS was subject to the same 300 PPH requirement, regardless of age. Testimony established that some workers in their twenties had unacceptable PPH results, while workers over forty and into their sixties had acceptable PPH rates. Bowen testified that he had ordered audits for several other employees who were consistently failing to meet their goal. Indeed, UPS established a lower PPH goal of 216 for Drape after his audit—a voluntary accommodation by UPS that it had not granted to other UPS employees, which made Drape's job easier.

At trial, Drape admitted that his supervisor on the red belt, Rebecca Aciego, had complained to Bowen that Drape had been hostile to her. Aciego testified to that effect, breaking into tears while Drape examined her, culminating in this exchange:

Drape: So, the battle still goes on, doesn't it, after all these years? I mean, I still upset you?

Aciego: I don't feel comfortable around you.

Bowen testified that he moved Drape to the pink belt to prevent future conflict between him and Aciego, an explanation that Drape did not rebut. Bowen had previously transferred a worker in his twenties for the same reason.

The overwhelming evidence at trial supports UPS's explanation for Bowen's decision to transfer Drape from the red belt to the pink belt: resolving the conflict between Drape and his supervisor on the red belt, Rebecca Aciego. The age-related comments and any inferences that could be made from them are insufficient for a reasonable jury to find that age discrimination was the cause of Drape's transfer.

*B. Retaliation*

On his retaliation claim, Drape had the burden of proving the following elements by a preponderance of the evidence: (1) that he had an objectively reasonable good-faith belief that the behavior he opposed was discriminatory based on age; (2) that he engaged in conduct protected by the ADEA by complaining of age discrimination; (3) that he was subjected to an adverse employment action at the time, or after the protected conduct took place; and (4) that UPS took the adverse employment action against him because of his protected conduct. *See* O'MALLEY, GRENIG, AND LEE, FEDERAL

5

JURY PRACTICE AND INSTRUCTIONS § 173.23 (5th ed. 2000); *Espinoza v. Dep't of Corrs*, 509 Fed. App'x 724, 728–29 (10th Cir. 2013). The court granted judgment as a matter of law to UPS, finding that a reasonable jury did not have a legally sufficient evidentiary basis to find for Drape on the fourth element.

Drape alleges that because he complained of age discrimination, he was terminated, suspended, audited, and ultimately transferred to the pink belt. The only support for his claim came in the form of inferences from the fact that UPS took these employment actions against Drape after he complained of age discrimination. But this inference in Drape's favor cannot outweigh the undisputed testimony in favor of UPS's explanation at trial.

Bowen ordered an audit taken on Drape's PPH performance, which Drape claims was retaliatory. But once again, Drape failed to produce evidence to rebut UPS's well-supported explanation. Drape did not believe he could be held accountable for any PPH number, and he communicated this to his supervisor, Aciego. This is why Bowen singled Drape out for an audit: he was the only employee to claim that PPH quotas did not apply to him. No reasonable jury could find that Bowen audited Drape in retaliation for his complaint.

Bowen testified that he terminated Drape in September of 2010 after an incident on the red belt. Having received a report that Drape was causing trouble with supervisor Kyle McTaggart, Bowen went to the red belt to resolve the conflict. Drape called Bowen incompetent and a hypocrite, yelling at his manager in front of the entire facility. Drape admitted to these facts. Bowen testified that he terminated Drape that

day for insubordination, only to modify the punishment to a suspension. Drape presented no evidence contradicting UPS's explanation for his termination and suspension. A reasonable jury could not find that Bowen terminated, and then suspended, Drape in retaliation for his age discrimination complaint.

Finally, Drape claimed that his transfer to the pink belt was retaliatory. As was discussed above, Bowen's decision to transfer Drape was made to resolve the ongoing conflicts between him and his supervisor, Aciego. Drape did not introduce any evidence at trial that would suggest otherwise. As a result, no reasonable jury could find that Bowen transferred Drape because of his age discrimination complaint.

**IV. Conclusion**

After hearing the evidence and the parties' arguments at trial, the court finds that Drape produced insufficient evidence for a reasonable jury to find that UPS took any action against him based on his age or in retaliation for his age discrimination complaint. Pursuant to Rule 50(a), the court grants judgment as a matter of law to UPS on both claims.

IT IS THEREFORE ORDERED this 4th day of March, 2014, that UPS's Motion for Judgment as a Matter of Law (Dkt. 138) is granted.

s/J. Thomas Marten
J. THOMAS MARTEN, JUDGE
