IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHN DRAPE,

          Plaintiff,

v.                                       Case No. 12-2172-JTM

UPS, INC.,

          Defendant.

MEMORANDUM AND ORDER

The court held a trial in this case beginning on February 18, 2014. Defendant UPS, Inc. moved for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50 after the close of plaintiff John Drape's case-in-chief on February 20. Dkt. 138. The court granted the motion in its order and memorandum dated March 4, 2014. Dkt. 140. The court now has before it Drape's Motion for New Trial and/or Altering or Amending a Judgment (Dkt. 142). Having set forth the relevant background in its previous orders, the court proceeds directly to its analysis here.

**I. Legal Standard — Motion for New Trial or to Alter/Amend Judgment**

On a motion, Rule 59(a) allows a court to "grant a new trial on all or some of the issues . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court; or after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court. A motion for a new trial must be filed within twenty-eight days after the entry of judgment. FED. R. CIV. P. 59(b). "Motions for new trial are committed to the sound

discretion of the trial court." *Utility Trailer Sales of Kansas City, Inc. v. MAC Trailer Mfg., Inc.*, 734 F. Supp. 2d 1210, 1216 (D. Kan. 2010). (internal citation omitted). "They are generally regarded with disfavor and should only be granted with great caution." *Id.* (internal citation omitted). A motion for new trial should not be granted unless " 'the court believes the verdict is against the weight of the evidence, prejudicial error has occurred, or substantial justice has not been done.' " *Wirtz v. Kansas Farm Bureau Servs., Inc.,* 311 F.Supp.2d 1197, 1226 (D. Kan. 2004). It is the moving party's burden to demonstrate trial error which constitutes prejudicial error. *White v. Conoco, Inc.,* 710 F.2d 1442, 1443 (10th Cir. 1983). In reviewing a motion for new trial, the court must view the evidence in the light most favorable to the prevailing party. *Griffin v. Strong,* 983 F.2d 1544, 1546 (10th Cir. 1993).

Rule 59(e) allows a motion to alter or amend a judgment, and it must be filed within twenty-eight days after the entry of judgment. The purpose of a Rule 59(e) motion is to correct manifest errors of law or to present newly discovered evidence. *Monge v. RG Petro-Machinery (Group) Co.*, 701 F.3d 598 611 (10th Cir. 2012) (internal quotations and citation omitted). Grounds for granting a Rule 59(e) motion include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. *Id.* (internal quotations and citation omitted).

**II. Analysis**

The court granted judgment as a matter of law to UPS, holding that no reasonable jury could find that UPS had taken action against Drape because of his age

2

or in retaliation for protected conduct under the ADEA. Drape argues that in its order granting the defendant a directed verdict, the court made factual misstatements of the evidence. He appears to allege a clear error, a basis for granting the relief Drape seeks. However, Drape presents no clear error for the court to correct. Rather than establishing any misstatements of the evidence by the court, Drape's arguments merely show that he disagrees with the court's conclusion that no reasonable jury could find in his favor.

First, the court analyzed Drape's age discrimination claim. The court found insufficient the only evidence Drape relied on to argue that UPS transferred him to the pink loading belt because of his age. This evidence came in the form of two age-related statements made by two supervisors. Management at UPS reprimanded both supervisors for making the comments, emphasizing that these comments were unacceptable. The first statement came almost a year before Drape was transferred to the red belt, and the supervisor was no longer working at UPS when the transfer occurred. At trial, Drape simply did not provide any evidence that this first statement had any impact on the decision to force his transfer. The second statement was made months after the transfer occurred; it certainly did not affect the transfer decision. UPS established that it transferred Drape to the pink belt because of the conflict that existed between Drape and his supervisor, Rebecca Aciego. The court directed a verdict in favor of UPS because Drape provided no evidence showing this reason was pretextual.

Second, the court analyzed Drape's retaliation claim. For this claim, the court analyzed Drape's termination, suspension, audit, and transfer as actions that could potentially establish retaliation. But Drape's only evidence that these actions were

retaliatory was their chronological order: Drape complained of age discrimination, and these things happened after he made his complaints. Although this supports Drape's claim in the form of an inference, the court held that the inference was insufficient in the face of strong evidence produced by UPS that these actions were done for legitimate reasons. UPS ordered an audit on Drape's PPH performance because Drape was consistently falling short of the 300 PPH target and claiming that he could not be held accountable for it. UPS showed that it terminated, then suspended Drape for insubordination, after he yelled at the floor manager and called him incompetent and a hypocrite in front of the facility workforce. Finally, as mentioned above, the court acknowledged UPS's valid reason for transferring Drape to the pink belt—avoiding conflict with his supervisor, Aciego. Without any evidence to rebut these valid reasons, the court explained that UPS was entitled to judgment as a matter of law.

Drape argues that the court ignored indirect evidence that showed UPS's reasons were pretextual. Specifically, he argues that several younger co-workers failed to meet the 300 PPH threshold but were not audited. While this may be true, there was no evidence that these younger workers claimed they were not bound by the 300 PPH goal. Drape's insubordination in claiming exemption from the 300 PPH goal was well-established at trial. Drape also argues that the court misstates the PPH standard by referring to it as a "requirement" and a "goal." Drape states that Bowen said it was a goal, but not a requirement. This kind of argument does not address any issue pertinent to the court's ruling.

Although the court relied on Drape's failure to establish that the audit was performed in retaliation for his age discrimination complaints, there is a serious question of whether the audit should even be considered an adverse employment action. The court granted summary judgment to UPS on Drape's age discrimination claim regarding the audit, but denied summary judgment on the retaliation claim, stating that a fact finder could reasonably conclude that the audit was materially adverse, as it could dissuade a reasonable worker from complaining of discrimination. However, the result of the audit was that UPS assigned Drape a lower PPH target. After reviewing the evidence at trial, the court is not so sure that a result that requires less work from Drape with no negative consequences in pay or benefits could be viewed as an adverse employment action. More likely, lower work goals for the same pay might encourage people to complain of discrimination.

Drape also argues that the court's judgment excluded evidence of periods where he experienced no conflict with Aciego. The court may not have mentioned this in its order, but only because it is immaterial to the court's conclusion. Periods without conflict do not prove that no conflict existed. In fact, Drape personally testified that he had several instances of conflict with Aciego. Further, Drape's examination of Aciego on the stand left no doubt that personal animosity still exists between the two, as Aciego broke down into tears in front of the jury, exclaiming that she felt uncomfortable around Drape. The court's failure to mention that these two individuals were not always in conflict is a non-factor in the court's judgment.

Drape's final argument belies his possible confusion about the required standards for proving his case. Drape argues that Bowen testified to more than a single motive for his employment actions against Drape, and that "[t]he court's conclusion is a judgment which excludes evidence that Mr. Bowen had more than one reason for his employment actions regarding plaintiff." The court found that Bowen's reasons for his employment actions were legitimate and non-discriminatory/retaliatory, and that evidence at trial supported those actions. Drape's argument fails because his burden at trial was to prove that the reason for Bowen's actions was age discrimination or retaliation. The standard required Drape to show that were it not for his age or his complaints of age discrimination, UPS would not have taken the actions that it did. Drape does not argue that the multiple reasons given by Bowen are contradictory, so the fact that Bowen had multiple reasons for the actions he took does not help Drape's case. Most importantly, as the court explained more thoroughly in its previous order, Drape simply did not provide sufficient evidence for a jury to find either age discrimination or retaliation.

### III. Conclusion

Drape's arguments that the court erred in its order granting judgment to UPS fail because they point to no material misstatement of facts or law by the court. Although Drape clearly disagrees with the court's conclusion that he has not offered sufficient evidence for a jury to find in his favor, this disagreement is not enough to support a motion for a new trial or a motion for amending or altering the court's judgment. As a result, the court denies Drape's motion.

IT IS THEREFORE ORDERED this 29th day of May, 2014, that Drape's Motion for New Trial and/or Altering or Amending a Judgment (Dkt. 142) is denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE